UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TYRONE D. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-0421-CVE-TLW |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 23). Plaintiff seeks an award of attorney fees of $6,494.80 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Defendant objects to plaintiff's motion for EAJA fees and argues that her position was substantially justified.

On July 28, 2015, plaintiff filed this case seeking judicial review of a decision by the Commissioner of Social Security denying his claim for disability benefits. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court affirm the Commissioner's decision. Dkt. # 19. Plaintiff objected to the report and recommendation, and the Commissioner did not respond to plaintiff's objection. Dkt. # 18. The Court found that the case should be reversed and remanded due to an error at step five of the analysis. Defendant conceded that plaintiff could not perform five of the six jobs identified by the administrative law judge (ALJ), and this substantially reduced the number of jobs available in the national and regional economies that plaintiff could perform. The Court remanded the case to allow the ALJ to make new findings at step five as to whether jobs existed in sufficient numbers

that plaintiff could perform with his residual functional capacity (RFC). The case was also remanded to clarify certain aspects of the vocational expert's testimony and the ALJ's reliance on that testimony.

Plaintiff has filed a motion for attorney fees under the EAJA. Dkt. # 21. Under the EAJA, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). Defendant does not dispute that plaintiff is a prevailing party and does not assert that there are any special circumstances that would make an award of fees unjust in this case. Dkt. # 22. The only dispute here is whether defendant's position was substantially justified. Id. Defendant bears the burden of showing that her position was substantially justified by proving her case "had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); see also Hackett, 475 F.3d at 1172. In other words, defendant must show that her position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Defendant's "position can be justified even though it is not correct." Id. at 566 n.2.

Defendant argues that there were unpublished Tenth Circuit decisions potentially supporting both parties' positions and reasonable people could have disagreed as to the need to remand this case. Dkt. # 24, at 6. However, published Tenth Circuit precedent is clear that the step five evaluation is fact-intensive and the issue of the number of jobs available to the claimant should ordinarily be made by the ALJ. Allen v. Barnhart, 357 F.3d 1140 (10th Cir. 2004). In this case, the ALJ found that plaintiff could perform six jobs that were available in the national and regional economies. However, defendant assumed for the purpose of this litigation that plaintiff could not

perform five of those six jobs with his RFC, but still asked the Court to affirm the ALJ's decision. Defendant asks the Court to find that her position was substantially justified, because a wrong decision can be substantially justified as long as it is not unreasonable. See Madron v. Astrue, 646 F.3d 1255, 1257 (10th Cir. 2011) ("When a district court reviews an EAJA application, however, it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was *reasonable* even if *wrong*."). The Court does not find that defendant's position in this case was reasonable. There is published Tenth Circuit precedent that there is a strong preference for having the ALJ resolve issues as to the number of jobs available to a claimant, and defendant conceded that plaintiff could not perform five of the six jobs supporting the ALJ's step five findings. The Court also notes that this issue was raised in plaintiff's objection to the report and recommendation, and defendant failed to respond to plaintiff's objection. Defendant did discuss the ALJ's step five findings in her response to plaintiff's opening brief, but defendant did not provide any analysis as to how the Court should consider the potentially conflicting unpublished decisions of the Tenth Circuit. The Court finds that defendant's litigation position was not substantially justified, and plaintiff's motion for EAJA fees (Dkt. # 23) should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 23) is **granted**, and plaintiff shall be awarded attorney fees in the amount of $6,494.80. A separate judgment is entered herewith.

**DATED** this 13th day of June, 2017.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE